IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Rafael Medina, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 13 C 3062 |
| Security Credit Services, LLC, a Mississippi limited liability company, and Capital Management Services, LP, a Delaware limited partnership, | ) ) ) ) ) ) | |
| Defendants. | ) | Jury Demanded |

## COMPLAINT

Plaintiff, Rafael Medina, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendants reside and transact business here.

## PARTIES

3. Plaintiff, Rafael Medina ("Medina"), is a citizen of the U.S. Territory of Puerto Rico, from whom Defendants attempted to collect a delinquent consumer debt he allegedly owed for a GE Capital Retail Bank account, despite the fact that he was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for

Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Security Credit Services, LLC ("Security"), is a Mississippi limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Security operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state and territory, including consumers in the State of Illinois. In fact, Defendant Security was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant Security is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon, at times through other collection agencies.

6. Defendant, Capital Management Services LP ("CMS"), is a Delaware limited partnership that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. CMS operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state and territory, including consumers in the State of Illinois. In fact, Defendant CMS was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

7. Defendants Security and CMS are each authorized to conduct business in the State of Illinois and maintain registered agents within the State of Illinois, see,

records from the Illinois Secretary of State, attached as Group Exhibit A. In fact, both Defendants, Security and CMS, conduct business in Illinois.

8. Defendants Security and CMS are each licensed as debt collection agencies in the State of Illinois, see, records from the Illinois Division of Professional Regulation, attached as Group Exhibit B. In fact, both Defendants, Security and CMS, act as collection agencies in Illinois.

## FACTUAL ALLEGATIONS

9. Mr. Medina is a disabled man, with limited assets and income, who fell behind on paying his bills, including a debt he allegedly owed to GE Capital Retail Bank for a JC Penney account ("GE Account"). At some point in time after that debt became delinquent, Defendant Security bought Mr. Medina's GE Account, and when Security began trying to collect the GE Account from him, he sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and Defendant's collection actions.

10. Specifically, Defendant Security hired an Illinois-based collection agency, Leading Edge Recovery Solutions ("LERS"), to demand payment of the GE Account from Mr. Medina, by sending him a collection letter dated September 28, 2012. A copy of this letter is attached as Exhibit C.

11. Accordingly, on November 14, 2012, one of Mr. Medina's attorneys at LASPD informed Defendant Security, through its collection agent, LERS, that Mr. Medina was represented by counsel, and directed Defendant Security to cease contacting him, and to cease all further collection activities because Mr. Medina was forced, by his financial circumstances, to refuse to pay his unsecured debt. Copies of

this letter and fax confirmation are attached as Exhibit D.

12. Nonetheless, Defendant Security then had Defendant CMS send Mr. Medina a collection letter, dated March 1, 2013, demanding payment of the GE Account. A copy of this collection letter is attached as Exhibit E.

13. Accordingly, on March 29, 2013, Mr. Medina's LASPD attorney sent Defendants a letter again directing that communications and collections cease. Copies of this letter and fax confirmation are attached as Exhibit F.

14. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

15. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
## Violation Of § 1692c(c) Of The FDCPA --
## Failure To Cease Communications And Cease Collections

16. Plaintiff adopts and realleges ¶¶ 1-15.

17. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

18. Here, the letter from Mr. Medina's agent/attorney, LASPD, told Defendants to cease communications and cease collections. By continuing to communicate regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

19. Defendants' violation of § 1692c(c) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA -- Communicating With A Consumer Represented By Counsel

20. Plaintiff adopts and realleges ¶¶ 1-15.

21. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

22. Defendants knew, or readily could have known, that Mr. Medina was represented by counsel in connection with his debts because his attorneys at LASPD had informed Defendants, in writing, that Mr. Medina was represented by counsel, and had directed a cessation of communications with Mr. Medina. By directly sending a collection letter to Mr. Medina, despite being advised that he was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

23. Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Rafael Medina, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiffs Medina, and against Defendants, for

actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

    3.    Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Rafael Medina, demands trial by jury.

                        Rafael Medina,

                        By: /s/ David J. Philipps
                        One of Plaintiff's Attorneys

Dated: April 23, 2013

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com